STATE OF NORTH CAROLINA v. BOBBY WALKER

No. 8612SC1266

(Filed 7 July 1987)

**Larceny § 5.1— possession of recently stolen goods—items in defendant's custody and control—sufficiency of evidence**

Evidence was sufficient to convict defendant of felonious larceny based on the doctrine of possession of recently stolen property where such evidence tended to show that, two days after a disc player and other items were stolen, defendant was observed standing with his half-brother and other men at the rear of an automobile; in the open trunk was a disc player; defendant knew the disc player was in the trunk of the car in which he was a passenger; witnesses testified that defendant had engaged in a conversation with individuals, pointing at the stolen item while within reach of it; the half-brother's claim that the stolen item belonged to him was for the jury to weigh; the scratching off of the serial number was evidence that the disc player was contraband; and evidence of defendant's wallet in pants found in the half-brother's spare bedroom with other stolen items was corroborative evidence of defendant's knowledge of and association with the stolen goods.

Judge PHILLIPS dissenting.

APPEAL by defendant from *Hight, Judge.* Judgment entered 8 October 1986 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 5 May 1987.

*Attorney General Lacy H. Thornburg by Special Deputy Attorney General Guy A. Hamlin.*

*James R. Parish for defendant appellant.*

COZORT, Judge.

The defendant in this case was tried at the 6 October 1986 Criminal Session of Superior Court in Cumberland County on a bill of indictment charging him with second-degree burglary, felonious larceny, conspiracy to commit second-degree burglary, and felonious possession of stolen goods. On the day of the trial, the State elected not to proceed on the conspiracy charge, and it was dismissed. The defendant was tried on the remaining three charges, and the jury returned verdicts of guilty on each. After trial, the court granted the State's motion to arrest judgment on the charge of felonious possession of stolen goods. Judgment was entered on 8 October 1986 for an active prison sentence of twenty years. The defendant gave notice of appeal in open court.

The defendant attacks both the larceny and burglary convictions with the contention that the State failed to offer sufficient evidence of these offenses to justify the trial court's denial of his motions to dismiss. At trial the State relied on the doctrine of recent possession to establish the guilt of the defendant. We hold that the State met its burden by presenting sufficient evidence of each element of the doctrine.

The evidence for the State tends to show that between the hours of 6:15 p.m. on 18 February 1986 and 7:30 the next morning, the residence of Michael Hathaway and Peter Iandoli was broken into. Approximately $7,000.00 worth of personal property, including a Hitachi compact disc player, was stolen from their home. Neither Hathaway nor Iandoli was present at the time of the entry and theft.

Two days later, on 21 February 1986, two plainclothes investigators with the Fayetteville Police Department, Officers David P. Bloomfield and Richard F. Mica, witnessed the defendant and Wilfred Hayes, defendant's half-brother, standing with three or four other men, at the rear of a yellow Ford. This automobile was parked with its trunk open on Person Street in downtown Fayetteville. From the officers' vantage point, they were able to

view the contents of the trunk and therein saw a Hitachi compact disc player.

The officers observed the defendant talking with the other men. Although the officers were not close enough to hear any of the conversation, they did see the defendant, during the conversation, "making hand gestures back and forth to himself and to the Hitachi disc player." The defendant was close enough to the disc player that "if he had bent over, he could have touched it." There is evidence that Hayes may have spoken to the other men during this colloquy, but the defendant "appeared to be doing most of the talking." The defendant and Hayes left the Person Street location in the yellow Ford with Hayes driving. Officers Bloomfield and Mica followed and soon after stopped the vehicle. Upon opening the trunk, the officers found the Hitachi disc player that the defendant had been pointing to on Person Street. The serial numbers had been scratched out, but it was subsequently positively identified by Captain Iandoli, by other distinguishing characteristics, as having been taken from his home. At the scene of the stop, Hayes was asked by the officers if the disc player belonged to him, and he replied, "Yes, it's mine; that VCR is mine." The defendant and Hayes were arrested.

Police officers obtained a search warrant for 1407 Briarcliff Drive, Hayes' residence. The search of this address resulted in the recovery of numerous items taken from Captain Iandoli's home. In the "spare" bedroom, officers found a TV, cassette player, AM/FM receiver, and stereo speakers. A twin-size bed in that room appeared to have been slept in, and on the floor beside the bed was a dark blue pair of pants and a brown shirt. In the pants pocket was a wallet that contained court papers with the defendant's name on them. When questioned by officers, the defendant admitted that he had spent one night at the Briarcliff address but did not admit when he stayed there, that he was residing there, or that he had stayed more than one night. The defendant presented no evidence at trial.

The doctrine of recent possession is a rule of law which creates the presumption that one in possession of recently stolen property is guilty of its wrongful taking and of the unlawful entry associated with that taking. *State v. Maines*, 301 N.C. 669, 673, 273 S.E. 2d 289, 293 (1981). "When the doctrine of recent posses-

sion applies in a particular case, it suffices to repel a motion for nonsuit and defendant's guilt or innocence becomes a jury question." *Id.* at 674, 273 S.E. 2d at 293. It follows then, that if the facts of this case satisfy the elements that comprise the doctrine of recent possession, the appellant's assignments of error must fail. Justice Huskins, writing for a unanimous court in *Maines*, summarized that the presumption generated by the doctrine of possession of recently stolen property arises

> when, and only when, the State shows beyond a reasonable doubt: (1) the property described in the indictment was stolen; (2) the stolen goods were found in the defendant's custody and subject to his control and disposition to the exclusion of others though not necessarily found in defendant's hands or on his person so long as he had the power and intent to control the goods; (citations omitted); and (3) the possession was recently after the larceny, mere possession of stolen property being insufficient to raise a presumption of guilt. (Citation omitted.)

*Id.*

The defendant does not contest the sufficiency of the State's evidence on the first and third elements; his argument focuses on the second element, and he contends that the State's evidence was insufficient to prove beyond a reasonable doubt that the items were found in his custody and under his control. We find no merit to defendant's argument.

Whether a defendant's possession of stolen articles will support an inference that he committed the crime that dispossessed the rightful owner

> does not require that the defendant have the article in his hand, on his person or under his touch. It is sufficient that he be in such physical proximity to it that he has the power to control it to the exclusion of others and that he has the intent to control it. (Citations omitted.) One who has the requisite power to control and intent to control access to and use of a vehicle or a house has also the possession of the known contents thereof.

*State v. Eppley*, 282 N.C. 249, 254, 192 S.E. 2d 441, 445 (1972). "The 'exclusive' possession required to support an inference or

presumption of guilt need not be a sole possession but may be joint. *State v. Holloway*, 265 N.C. 581, 144 S.E. 2d 634 (1965)." *Maines*, 301 N.C. at 675, 273 S.E. 2d at 294. Before the inference can arise when more than one person has access to the stolen property,

> the evidence must show the person accused of the theft had complete dominion, which might be shared with others, over the property or other evidence which sufficiently connects the accused person to the crime or a joint possession of co-conspirators or persons acting in concert in which case the possession of one criminal accomplice would be the possession of all. Stated differently, for the inference to arise, the possession in defendant must be to the exclusion of all persons not party to the crime.

*Id.* We find the State's evidence of defendant's actions concerning the Hitachi disc player in the trunk of the car on Person Street to be sufficient evidence of the defendant's custody of and control over the stolen property.

Citing *Maines*, defendant contends the evidence was insufficient because the State relied on "stacked" inferences. We disagree with the defendant's argument because our review of the evidence shows that the State did not rely on stacked inferences. The facts herein are distinguishable from those of *Maines*. In *Maines*, the State's evidence showed only that the defendant was the driver of a car which contained stolen goods. There were three other passengers, including the owner of the car, in the car at the time. There was no other evidence linking defendant to the stolen goods. The Supreme Court found the evidence insufficient because two inferences were stacked:

> [T]o convict defendant, the jury must infer that defendant possessed the goods from the mere fact of driving with the owner of the car seated beside him and then infer he was the thief who stole them based on the possession of recently stolen goods. We hold this criminal conviction cannot stand because it is based on stacked inferences. "Inference may not be based on inference. Every inference must stand upon some clear or direct evidence, and not upon some other inference or presumption." (Citations omitted.)

State v. Walker

> In order to take the case against defendant Maines to the jury, the State must show something more than was shown here. For example, the State could make a case sufficient to repel nonsuit by evidence of an attempt by defendant as driver to avoid the officer when he approached the car, or evidence that the property is obviously contraband, or some evidence at the crime scene indicating defendant had been there, or evidence of constant association with or customary use of the car by defendant. No legal presumption that defendant was a thief could arise from merely driving the car with the owner present. (Citation omitted.)

*Maines*, 301 N.C. at 676, 273 S.E. 2d at 294-95. Chief Justice Branch, discussing *Maines*, in the text of *State v. Voncannon*, succinctly analyzed Maines' conviction as "improper because to permit conviction would have been to allow the inference of guilt based on recent possession to be stacked on the inference of possession based on the control of the car." 302 N.C. 619, 622-23, 276 S.E. 2d 370, 372 (1981).

This case presents a different set of circumstances. Unlike *Maines*, the defendant here knew that the disc player was in the trunk of the car in which he was a passenger. Witnesses testified that defendant had engaged in a conversation with individuals, pointing at the stolen item, while within reach of it.

Hayes' claim that the stolen item belonged to him was for the jury to weigh, especially in light of Hayes having improperly identified the item as a "VCR." Furthermore, the scratching off of the serial number is evidence that the disc player is contraband, thus meeting the "something more" test enunciated in *Maines*. Additionally, the evidence of defendant's wallet in pants found in Hayes' "spare" bedroom with other stolen items, though insufficient alone to convict the defendant, is corroborative evidence of the defendant's knowledge of and association with the stolen goods.

In sum, we find sufficient evidence to support the jury's finding of defendant's guilt. In the defendant's trial, we find

No error.

Judge GREENE concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the doctrine of recent possession as laid down in *State v. Voncannon*, 302 N.C. 619, 276 S.E. 2d 370 (1981), *State v. Maines*, 301 N.C. 669, 273 S.E. 2d 289 (1981), *State v. Parker*, 268 N.C. 258, 150 S.E. 2d 248 (1966), and *State v. Johnson*, 60 N.C. 235 (1864), does not apply to the State's evidence in this case, and without the doctrine the convictions have no evidentiary support. I vote to vacate both convictions.