STATE OF NORTH CAROLINA v. DAVID MICHAEL McQUEEN

No. COA03-1251

(Filed 20 July 2004)

**1. Criminal Law— motion for mistrial—objection sustained—curative instruction**

The trial court did not abuse its discretion in a felonious possession of stolen goods case by denying defendant's motion for a mistrial after a witness testified that he learned that defendant was in prison, because: (1) the trial court immediately sustained defendant's objection to the inadmissible evidence and granted his motion to strike; and (2) the trial court gave the jury a curative instruction to disregard the statement.

STATE v. McQUEEN

[165 N.C. App. 454 (2004)]

### 2. Possession of Stolen Property— felonious possession of stolen goods—motion to dismiss—sufficiency of evidence—doctrine of recent possession

The trial court did not err by denying defendant's motion to dismiss the charge of felonious possession of stolen goods even though defendant contends there was insufficient evidence to show that he knew or had reasonable grounds to believe that the generator he possessed had been stolen pursuant to a breaking and entering, because: (1) defendant's possession of the generator shortly after its theft supported the instruction of the doctrine of recent possession; (2) defendant offered no explanation at trial for his possession of the stolen generator or his representation to another person that the generator belonged to him; and (3) from the evidence presented, the jury could have believed that defendant did not actually break into or enter the victim's storage shed, but was present and assisted in transporting the generator away from the victim's property or otherwise aided and abetted in the taking of the property.

### 3. Sentencing— habitual felon—no contest plea

Although defendant contends the trial court erred in a felonious possession of stolen goods case by accepting defendant's plea of no contest to the habitual felon charge, this assignment of error is dismissed because defendant's argument is based entirely upon his contention that the trial court erred by sentencing him for felonious possession of stolen goods, and the Court of Appeals already rejected that contention.

Appeal by defendant from judgment entered 29 January 2003 by Judge Kenneth Crow in Superior Court, Pender County. Heard in the Court of Appeals 8 June 2004.

*Attorney General Roy Cooper, by Assistant Attorney General J. Douglas Hill, for the State.*

*William D. Spence for defendant appellant.*

WYNN, Judge.

Defendant David Michael McQueen appeals from judgment of the trial court entered upon a jury verdict finding him guilty of felonious possession of stolen goods, and upon his plea of no contest to habitual felon status. Defendant argues the trial court erred in denying his

motions for a mistrial and to dismiss the charges against him. Defendant further contends the trial court improperly sentenced him for felonious possession of stolen goods and habitual felon status. For the reasons hereafter stated, we find no error by the trial court.

The State presented evidence at trial tending to show the following: Alfred Mott testified he owned a storage shed located on Mott Town Road in Atkinson, North Carolina, in which he stored an electric generator. Mott described his machine as a 5200-watt "blue generator" with a distinguishing scratch under the carburetor. Mott stated he had paid $900.00 for the generator, and that it was two years old. In the late afternoon of 29 September 2001, Mott observed Defendant walking by as he worked with the generator. At approximately 6:00 p.m., Mott finished his work, placed the machine inside his storage shed, and locked the front door. The storage shed, however, also contained double doors which did not lock, but were secured only by a board. Mott testified that "anybody [who] went in my shed . . . would [have known] that's the way I lock[] it."

When Mott returned to his storage shed the following morning, the electric generator was gone. The front door to the storage shed remained locked, but the double doors were not fully closed. He noticed automobile tracks approximately 120 feet away from the storage shed, but observed no markings on the ground to indicate the generator had been dragged. Mott testified that "it seemed like to me that [whoever broke into the storage shed] had to know what they [were] doing, because they didn't tear my door down." Mott further explained he was "puzzled in my mind how in the world one man can pick that big generator up and tote it that far, and all I could do was to move it."

Defense counsel cross-examined Mott extensively regarding his cousin, Jerome Mott, who lived approximately two miles away from where the storage shed was located. Mott confirmed that Jerome was familiar with his storage shed and the method by which Mott secured the double doors. Mott denied having suspected Jerome of being involved in the disappearance of the generator, but testified that Jerome was acquainted with "people who receive stolen goods."

After he discovered the generator missing, Mott summoned the sheriff's department, which located the generator several days later with the assistance of Noel Brooks. Brooks testified that Defendant came to his residence in the early morning hours of 30 September 2001 with an electric generator. Defendant asked Brooks to loan him

STATE v. McQUEEN

[165 N.C. App. 454 (2004)]

one hundred dollars for one week and offered the generator as collateral for the loan. Defendant told Brooks the generator belonged to him, and that he needed the money in order to have his automobile repaired. Brooks loaned Defendant the money and took the generator in exchange. Brooks suspected, however, that the generator was possibly stolen and contacted a friend at the sheriff's department a few days later. Mott identified the generator given to Brooks by Defendant as the same generator taken from his storage shed.

Doris Jacobs Herring testified on behalf of Defendant. Herring stated she and Defendant were installing carpet at their residence the evening of 29 September 2001, and that Defendant did not leave the house during that time. At 8:00 a.m. the following morning, Herring observed Jerome Mott approach Defendant while he was standing outside the residence and state, "I want to see you." Herring agreed that it was "unusual for [Jerome] to be there that early in the morning." Herring shut the door of the residence and did not observe any further interaction between Defendant and Jerome. Defendant told Herring he was going to work and left the residence soon afterwards. Herring never saw Defendant with a generator.

Defendant was indicted on charges of felonious breaking or entering, felonious larceny, felonious possession of stolen property, and habitual felon status. Upon conclusion of the evidence, the jury found Defendant not guilty of felonious breaking or entering, but guilty of felonious larceny and felonious possession of stolen goods. Defendant then entered a plea of no contest to habitual felon status. The trial court arrested judgment on the felonious larceny conviction and sentenced Defendant to an active minimum term of imprisonment of eighty months, with a maximum term of 105 months. Defendant appealed.

Defendant presents four assignments of error on appeal, arguing the trial court erred by (1) denying Defendant's motion for a mistrial; (2) denying Defendant's motion to dismiss the charges against him; (3) sentencing Defendant for felonious possession of stolen goods; and (4) sentencing Defendant for habitual felon status. We find no error by the trial court.

[1] By his first assignment of error, Defendant argues the trial court erred in denying his motion for a mistrial after Mott testified that he "learned that [Defendant] was in prison." Defendant correctly notes that such evidence was inadmissible, and he contends Mott's state-

ment substantially and irreparably prejudiced his case in the minds of the jurors. In light of such prejudice, Defendant argues the trial court erred in failing to declare a mistrial, thereby entitling him to a new trial. We do not agree.

The trial court must declare a mistrial upon the defendant's motion "if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case." N.C. Gen. Stat. § 15A-1061 (2003). The decision to grant or deny the defendant's motion for a mistrial is discretionary, and such a decision "is to be given great deference because the trial court is in the best position to determine whether the degree of influence on the jury was irreparable." *State v. Hill*, 347 N.C. 275, 297, 493 S.E.2d 264, 276 (1997), *cert. denied*, 523 U.S. 1142, 140 L. Ed. 2d 1099 (1998). A mistrial should be declared only if there are serious improprieties making it impossible to reach a fair and impartial verdict. *State v. McCarver*, 341 N.C. 364, 383, 462 S.E.2d 25, 35-36 (1995), *cert. denied*, 517 U.S. 1110, 134 L. Ed. 2d 482 (1996). "When a court withdraws incompetent evidence and instructs the jury not to consider it, any prejudice is ordinarily cured." *State v. Walker*, 319 N.C. 651, 655, 356 S.E.2d 344, 346 (1987). Absent circumstances indicating otherwise, jurors are presumed to follow a trial court's instructions. *McCarver*, 341 N.C. at 384, 462 S.E.2d at 36.

In the instant case, the trial court immediately sustained Defendant's objection to the inadmissible evidence and granted his motion to strike. The trial court then instructed the jury that Mott's statement was "inappropriate [and] inadmissible," and stated that "you are not to consider in any way his statement when you adjudicate the facts in the case." In light of the trial court's curative instruction, we conclude the trial court did not abuse its discretion in denying Defendant's motion for a mistrial. *State v. Morgan*, 164 N.C. App. 298, 302, 595 S.E.2d 804, 808 (2004).

[2] Defendant next argues the trial court erred in denying his motion to dismiss the charge of felonious possession of stolen goods at the close of the State's evidence and again at the close of all the evidence. Defendant contends the State presented insufficient evidence that he knew or had reasonable grounds to believe that the generator he possessed had been stolen pursuant to a breaking and entering.

The standard for ruling on a motion to dismiss is "whether there is substantial evidence (1) of each essential element of the

offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). The trial court must consider the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom. *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). The test for sufficiency of the evidence is the same regardless of whether the evidence is circumstantial or direct. *State v. Earnhardt*, 307 N.C. 62, 68, 296 S.E.2d 649, 653 (1982). We must therefore determine whether there was substantial evidence to support the essential elements of felonious possession of stolen property.

The essential elements of felonious possession of stolen property are: (1) possession of personal property, (2) which was stolen pursuant to a breaking or entering, (3) the possessor knowing or having reasonable grounds to believe the property to have been stolen pursuant to a breaking or entering, and (4) the possessor acting with a dishonest purpose. *See* N.C. Gen. Stat. §§ 14-71.1, 14-72(c) (2003); *State v. Hargett*, 148 N.C. App. 688, 691, 559 S.E.2d 282, 285 (2002). Defendant takes issue with the third element, contending there was insufficient evidence to demonstrate that he knew or should have known the property had been stolen pursuant to a breaking or entering.

In order to show that Defendant knew or had reasonable grounds to believe the generator was stolen pursuant to a breaking or entering, the State relied on the doctrine of recent possession. The doctrine of recent possession is a rule of law creating the presumption that a person in possession of recently stolen property is guilty of its wrongful taking and of the unlawful entry associated with that taking. *State v. Hamlet*, 316 N.C. 41, 44-45, 340 S.E.2d 418, 420 (1986); *State v. Walker*, 86 N.C. App. 336, 338, 357 S.E.2d 384, 386 (1987), *affirmed per curiam*, 321 N.C. 593, 364 S.E.2d 141 (1988). " 'The presumption is strong or weak depending upon the circumstances of the case and the length of time intervening between the larceny of the goods and the discovery of them in the defendant's possession.' " *Hamlet*, 316 N.C. at 44, 340 S.E.2d at 420 (quoting *State v. Maines*, 301 N.C. 669, 673-74, 273 S.E.2d 289, 293 (1981)). "The presumption or inference arising from recent possession of stolen property 'is to be considered by the jury merely as an evidential fact, along with the other evidence

in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt.' " *Maines*, 301 N.C. at 674, 273 S.E.2d at 293 (quoting *State v. Baker*, 213 N.C. 524, 526, 196 S.E. 829, 830 (1938)).

For the doctrine of recent possession to apply, the State must show: (1) the property was stolen, (2) defendant had possession of the property, subject to his control and disposition to the exclusion of others, and (3) the possession was sufficiently recent after the property was stolen, as mere possession of stolen property is insufficient to raise a presumption of guilt. *State v. Barnes*, 345 N.C. 184, 240, 481 S.E.2d 44, 75 (1997), *cert. denied*, 523 U.S. 1024, 140 L. Ed. 2d 473 (1998); *Hargett*, 148 N.C. App. at 692, 559 S.E.2d at 285. As to recency, our Supreme Court has stated that

> [a]lthough the passage of time between the theft and the discovery of the property in a person's possession is a prime consideration in establishing whether property has recently been stolen, our North Carolina Courts have also recognized that the nature of the property is a factor in determining whether the recency is sufficient to raise a presumption of guilt. Thus, if the stolen property is of a type normally and frequently traded in lawful channels, a relatively brief time interval between the theft and the finding of an accused in possession is sufficient to preclude an inference of guilt from arising. ·Conversely, when the article is of a type not normally or frequently traded in lawful channels, then the inference of guilt may arise after the passage of a longer period of time between the larceny of the goods and the finding of the goods in the accused's possession.

*Hamlet*, 316 N.C. at 43-44, 340 S.E.2d at 420.

Here, the State presented substantial evidence from which the jury could find that (1) the generator belonging to Mott was stolen from his storage shed pursuant to a breaking or entering; (2) Defendant offered and Brooks accepted the stolen generator as collateral for a $100.00 loan; and (3) Defendant was in exclusive possession of the stolen generator the morning following its theft. We conclude that Defendant's possession of the generator shortly after its theft supported the instruction of the doctrine of recent possession and the denial of Defendant's motion to dismiss. *See Hargett*, 148 N.C. App: at 691-92, 559 S.E.2d at 285 (upholding the use of the doctrine of recent possession to show there was sufficient evidence that the defendant knew or should have known the property was stolen

pursuant to a breaking or entering in support of charge of felonious possession of stolen property).

Defendant argues the doctrine of recent possession is inapplicable to the crime of felonious possession of stolen property and cannot support his conviction. In a related argument, Defendant contends that, as the jury found him not guilty of breaking or entering, he could not be convicted of felonious possession of stolen property, because there was no evidence that he knew the property had been taken pursuant to a breaking or entering. We do not agree.

Although the jury found Defendant not guilty of breaking or entering, it found him guilty of felonious larceny, a conviction later arrested by the trial court. Mott testified he believed only a person familiar with the storage shed would have known his method of securing the double doors, and he doubted a single man could have transported the generator without assistance. Defendant was in possession of the generator the morning following its theft, and he represented to Brooks that the generator belonged to him. Herring testified that Jerome Mott, a person familiar with Mott's storage shed, appeared at Defendant's residence earlier that same morning in order to talk to him, a circumstance Herring confirmed as unusual. Defendant offered no explanation at trial for his possession of the stolen generator or his representation to Brooks that the generator belonged to him.

From the evidence presented, the jury could have believed that Defendant did not actually break into or enter Mott's storage shed, but was present and assisted in transporting the generator away from Mott's property, or otherwise aided and abetted in the taking of the property. *See State v. Curry*, 288 N.C. 312, 319, 218 S.E.2d 374, 378 (1975) (upholding the defendant's conviction of felonious larceny where the jury acquitted the defendant of breaking or entering and holding that the jury's not guilty verdict on the breaking or entering count was not necessarily a finding by the jury that the larceny was not committed by the defendant pursuant to a breaking or entering, where there was evidence that the defendant aided and abetted two other men in a larceny they committed pursuant to a breaking or entering by them, but did not aid or abet them in the breaking or entering). Notably, the jury sent an inquiry to the trial court during deliberations requesting further instruction on whether the "defendant [had] to perpetrate the [breaking or entering] or just know the property was obtained through a [breaking or entering] . . . to be found guilty of felonious larceny[?]" From this inquiry and the ulti-

mate verdict, it is clear the jury believed Defendant did not perpetrate the breaking or entering, but that he nevertheless knew the generator had been stolen by means of a breaking or entering, and had participated in its larceny. We conclude there was substantial evidence to support the jury's finding that Defendant was guilty of felonious possession of stolen property.

**[3]** By his final assignment of error, Defendant contends the trial court erred in accepting a plea of no contest to the habitual felon charges. As Defendant's argument is based entirely upon his earlier contention that the trial court erred in sentencing him for felonious possession of stolen goods, we necessarily reject this assignment of error.

In the judgment of the trial court we find,

No error.

Judges CALABRIA and LEVINSON concur.