An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-734
NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

STATE OF NORTH CAROLINA

v.                                    Mecklenburg County
                                      No. 10 CRS 258879
                                          10 CRS 258881
ROBERT ADAM KAPFHAMER


Appeal by Defendant from judgment entered 6 July 2012 by Judge Linwood O. Foust in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 December 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Kevin G. Mahoney, for the State.*

*Irving Joyner, Esq., for defendant.*


DILLON, Judge.


Robert Adam Kapfhamer ("Defendant") appeals from a judgment convicting him of felonious possession of stolen goods and of misdemeanor breaking or entering, challenging the trial court's denial of his motion to dismiss. We find no error.

The evidence of record tends to show the following: Defendant and Cody Dedischew rented separate bedrooms in a

boarding house in Mecklenburg County. On 25 November 2010, Mr. Dedischew left the country to attend a funeral, leaving his bedroom door locked, and giving no one permission to enter his room.

On the night of 25 November 2010, Defendant called the police to report a breaking and entering at the house. Randall Jones, who owned the boarding house, discovered that the front door and all of the bedroom doors had been kicked in. He said that Defendant looked frazzled and very nervous and that Defendant indicated he did not think anything had been stolen.

When Mr. Dedischew returned from the funeral, he discovered that a television, a camera, and a Black and Decker drill were missing from his bedroom. Approximately three months after the break-in, police informed Mr. Dedischew that his drill had been recovered from a local pawn shop and that the pawn ticket for the drill indicated that it had been pawned by Defendant. When police confronted Defendant with this evidence, Defendant claimed that he had not been responsible for the break-in but that he took advantage of the fact that the boarding house had been broken into by taking and pawning Mr. Dedischew's drill, stating that he needed the money for gas.

On 27 June 2011, Defendant was indicted on two counts of larceny after breaking and entering, and two counts felonious breaking and entering, and one count of felonious possession of stolen goods. After a trial on the merits, the jury returned verdicts of guilty of felonious possession of stolen goods and of misdemeanor breaking or entering. The trial court entered a judgment consistent with the jury's verdict, sentencing Defendant to 7 to 9 months incarceration, which the trial court suspended, subject to the condition that Defendant was placed on 30 months supervised probation. From this judgment, Defendant appeals.

I: Motion to Dismiss

On appeal, Defendant contends the trial court erred by denying his motion to dismiss the charges of felonious possession of stolen property and of misdemeanor breaking or entering. We disagree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's

being the perpetrator of such offense.  If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455, *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000) (citation and quotation marks omitted).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).  "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995) (citation omitted).

A:  Felonious Possession of Stolen Property

"The essential elements of felonious possession of stolen property are: (1) possession of personal property, (2) which was stolen pursuant to a breaking or entering, (3) the possessor knowing or having reasonable grounds to believe the property to have been stolen pursuant to a breaking or entering, and (4) the possessor acting with a dishonest purpose." *State v. McQueen*, 165 N.C. App. 454, 459, 598 S.E.2d 672, 676 (2004), *disc. review*

*denied*, 359 N.C. 285, 610 S.E.2d 385 (2005) (citing N.C. Gen. Stat. §§ 14-71.1, 14-72(c)) (citations omitted).

The indictment in this case charging Defendant with felonious possession of stolen property alleged the following: "[O]n or about the 29th day of November, 2010, in Mecklenburg County, [Defendant] did unlawfully, willfully and feloniously possess a drill, the personal property of Cody Dedischew, having some value, which property was stolen property, knowing and having reasonable grounds to believe the property to have been feloniously stolen, taken, and carried away pursuant to a violation of Section 14-54 of the General Statutes of North Carolina."

Defendant contends the State did not present substantial evidence of Defendant's "possession of personal property," or of Defendant's "knowing or having reasonable grounds to believe the property to have been stolen pursuant to a breaking or entering." *McQueen*, 165 N.C. App. at 459, 598 S.E.2d at 676. We address each argument in turn.

The first element of possession of stolen goods is that a defendant must have had the personal property in his possession. "[P]ossession [of stolen goods] . . . may be either actual or constructive. Constructive possession exists when the

defendant, while not having actual possession [of the goods], . . . has the intent and capability to maintain control and dominion over the[m]." *State v. Szucs*, 207 N.C. App. 694, 698, 701 S.E.2d 362, 365 (2010) (citation and quotation marks omitted) (alterations in original). Defendant contends on appeal there "was no evidence presented in this case that [Defendant] was in possession of any property which belonged to and had been stolen from Cody Dedischew on November 29, 2010." The State presented the following evidence tending to show Defendant's possession of the drill: Defendant admitted he took the drill. Further, Defendant's identification was presented to the pawn shop operator when he pawned the drill, and the operator testified that he checked the identification "[v]ery closely" to be certain the identification was current and that the identification matched the individual. Accordingly, we believe there was substantial evidence to support the element of possession.

Next, Defendant argues the State did not present substantial evidence of Defendant's "knowing or having reasonable grounds to believe the property to have been stolen pursuant to a breaking or entering." *McQueen*, 165 N.C. App. at 459, 598 S.E.2d at 676. According to Defendant, Mr. Jones saw

the drill in a common area of the house a few days after the break-in had occurred, which supplied evidence from which the jury could infer that the drill was not taken during the break-in or that Defendant entered Mr. Dedischew's room to take it. However, there was also evidence that the drill *was* taken from Mr. Dedischew's bedroom. Specifically, Mr. Dedischew testified, that he had left the drill on the floor of his room before leaving for the funeral. Further, the jury could infer from the evidence that Defendant was the sole perpetrator of the breaking and entering into Mr. Dedischew's room. We, therefore, believe that the State presented substantial evidence from which a jury could infer that of Defendant's "knowing or having reasonable grounds to believe the property to have been stolen pursuant to a breaking or entering." *Id.* at 459, 598 S.E.2d at 676. Accordingly, we hold that the trial court did not err by denying Defendant's motion to dismiss on this ground. *State v. Cox*, __ N.C. __, __, 749 S.E.2d 271, 277 (2013) (stating that "evidentiary contradictions and discrepancies are for the jury to resolve and do not warrant dismissal").

B: Misdemeanor Breaking or Entering

In Defendant's next argument on appeal, he contends the trial court erred by denying his motion to dismiss the charge of

misdemeanor breaking or entering. "Misdemeanor breaking or entering, . . . is a lesser included offense of felonious breaking or entering and requires only proof of wrongful breaking or entry into any building." *State v. Johnson*, 208 N.C. App. 443, 448, 702 S.E.2d 547, 551 (2010), *disc. review denied*, 365 N.C. 84, 706 S.E.2d 247 (2011) (citing N.C. Gen. Stat. § 14-54(b)) (additional citation omitted).

The indictment charged Defendant with felonious breaking and entering; however, the jury convicted him of the lesser included offense of misdemeanor breaking or entering.

Defendant's argument on appeal is predicated on the uncontroverted fact that Defendant and Mr. Dedischew each rented separate private bedrooms and shared common areas in one house – the house referenced in the indictment. On appeal, Defendant contends essentially that there was not substantial evidence presented that Defendant kicked in the door to Mr. Dedischew's locked bedroom, and that, the foregoing notwithstanding, a locked room within a boarding house does not qualify as a "building" for purposes of the application of N.C. Gen. Stat. 14-54(b). We find these arguments meritless.

We first address Defendant's argument that the State did not present substantial evidence that Defendant broke into Mr.

Dedischew's bedroom. Assuming *arguendo* there was not substantial evidence that Defendant *broke* into Mr. Dedischew's bedroom, to convict Defendant of a violation of N.C. Gen. Stat. 14-54(b), "it is sufficient if the State's evidence shows *either* a breaking *or* an entering; it need not show both." *State v. O'Neal*, 77 N.C. App. 600, 605, 335 S.E.2d 920, 923 (1985) (emphasis added). In this case, there was evidence tending to show that the drill was on the floor in Mr. Dedischew's locked bedroom, and that Defendant pawned the drill to get money for gas. Even if the jury believed Defendant was not the perpetrator responsible for kicking in Mr. Dedischew's bedroom door - but merely took advantage of the breaking and entering to pawn the drill - there is evidence from which the jury could infer that Defendant nonetheless *entered* Mr. Dedischew's bedroom to remove the drill.

Lastly, we address Defendant's argument that a locked room within a building does not satisfy the statutory requirement of breaking and entering a "building" pursuant to N.C. Gen. Stat. § 14-54. N.C. Gen. Stat. § 14-54(c) defines "building" as "include[ing] any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or

secure within it any activity or property." *Id.* This Court has previously held contrary to Defendant's argument. In *State v. Clinton*, 3 N.C. App. 571, 574, 165 S.E.2d 343, 345 (1969), in the context of breaking and entering, we held that "a room in a rooming house" is included "in the meaning of the term 'dwelling house.'" *Id.; see also State v. Merritt*, 120 N.C. App. 732, 736, 463 S.E.2d 590, 592 (1995), *disc. review denied*, 342 N.C. 897, 467 S.E.2d 738 (1996) (holding that "[t]here may be several dwelling units in a single structure, as the rooms in an inn, hotel or lodging house. In such case, each room is regarded as a 'dwelling house' of its respective occupant"). As such, in this case Mr. Dedischew's room within the rooming house was exclusively his "dwelling house" within the meaning of N.C. Gen. Stat. § 14-54, and not that of Defendant.

For the foregoing reasons, we believe the trial court did not err in denying Defendant's motion to dismiss the charge of breaking and entering.

NO ERROR.

Judge STROUD and Judge HUNTER, JR. concur.

Report per Rule 30(e).