An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1213

NORTH CAROLINA COURT OF APPEALS

Filed:  5 August 2014

STATE OF NORTH CAROLINA

    v.

ROBERT DELIMION GRIFFIN

Mecklenburg County
No. 12 CRS 200756

Appeal by defendant from judgment entered 19 September 2012 by Judge Eric L. Levinson in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 April 2014.

> *Roy Cooper, Attorney General, by Staci T. Meyer, Special Deputy Attorney General, for the State.*
>
> *Irving Joyner for defendant-appellant.*

DAVIS, Judge.

Defendant Robert Delimion Griffin ("Defendant") appeals from his conviction of felonious possession of stolen property. On appeal, he contends that the trial court erred in denying his motion to dismiss the charge against him based on the insufficiency of the evidence.  After careful review, we conclude that Defendant received a fair trial free from error.

**Factual Background**

The State presented evidence at trial tending to establish the following facts: On 5 January 2012, Mariana Rojas ("Ms. Rojas") left her apartment for work between 9:00 a.m. and 9:15 a.m. She closed and locked all of her doors before she left.

Later that morning at approximately 11:00 a.m., Officer Christopher Lyon ("Officer Lyon") of the Charlotte-Mecklenburg Police Department was patrolling the East Boulevard/Remount Road area of Charlotte and running registration checks on traveling motorists. While at this location, a Lincoln Town Car driven by Defendant passed Officer Lyon. Officer Lyon ran a registration check on the Lincoln and determined that it had an inspection violation. He then began to pursue the vehicle in order to perform a traffic stop. However, Officer Lyon had difficulty catching up to the vehicle, which was traveling in excess of 60 miles per hour in a 45 miles per hour zone, causing him to lose sight of Defendant's vehicle.

When Officer Lyon finally caught up to the Lincoln, the vehicle had turned into the driveway of a residence located at 2712 Kenihill Road. At 11:37 a.m., he performed a traffic stop by turning on his blue lights and pulling behind Defendant's vehicle, which was stopped in the residence's driveway.

Officer Lyon could see inside the Lincoln from his vantage point directly behind the vehicle. He observed that the vehicle had two occupants and saw the passenger reach under his seat. Because of this observation, he called for backup, and, as a result, two other officers were dispatched to his location.

Before either officer arrived, Officer Lyon approached Defendant — who was sitting in the driver's seat — and asked for his driver's license and registration. In response to Officer Lyon's inquiry, Defendant stated that he was "bringing stuff over to his dad's house [and] that he was coming from Southside Homes." Officer Lyon then asked if there were any guns in the vehicle. Defendant responded "no" but added that Officer Lyon could "look at my TV and my DVD player. I am going to put them in my room."

Once the other officers arrived, Officer Lyon explained to one of them that he had stopped the vehicle for an inspection violation and that the car had been speeding. Officer Lyon also told the other officer that he had observed the passenger of the vehicle place something under the passenger seat. Officer Lyon proceeded to write Defendant a ticket for the inspection violation and asked Defendant to step out of the vehicle so that he could explain the citation. After doing so, Officer Lyon

asked if he could search the vehicle as well as conduct a search of both Defendant and Defendant's passenger. Both Defendant and the passenger gave their consent to the searches.

When Defendant's passenger stepped out of the vehicle, a "silver check card or credit card [with] . . . the name of Marina [sic] Rojas" fell down from the passenger seat. Officer Lyon then searched the vehicle and "found a silver Mac laptop under the passenger's seat and a flat screen TV in the back seat as well as a Blue Ray type of DVD player." He also found two more credit cards with Ms. Rojas's name printed on them.

Officer Lyon asked Defendant who the credit cards belonged to and Defendant responded that "it was his girlfriend's . . . [and] her name was Marina." Officer Lyon then returned to his patrol car and ran the name as it appeared on the card on his onboard computer. The computer search revealed that in 2008, Ms. Rojas had reported a car break-in in which her purse, credit card, and several other items had been stolen.

Officer Lyon then returned to Defendant's vehicle and asked Defendant once again the name of his girlfriend. Defendant responded that her name was "Marina." Officer Lyon stated that he wanted to call Ms. Rojas to confirm that Defendant was in lawful possession of the credit card. Defendant responded that

Ms. Rojas's number was stored on his cell phone but that "the phone was dead." Officer Lyon retrieved the phone from Defendant and found that it had simply been manually "turned off." Defendant then got out a second cell phone and directed Officer Lyon to a contact listed as "wifey," which he stated was how Ms. Rojas was listed in the phone. Officer Lyon dialed that telephone number, which resulted in no answer.

Officer Lyon returned to his patrol car, retrieved Ms. Rojas's phone number from the 2008 incident report, and dialed that number. When she answered, he explained why he was calling and described the items that he had found during the traffic stop. Ms. Rojas — who was at work — confirmed that the items belonged to her, including the laptop. She identified the laptop by providing Officer Lyon with a password, which successfully started the computer. Ms. Rojas also told Officer Lyon that she had never dated Defendant and did not know him. She also told Officer Lyon that she had never given anyone permission to enter her apartment or take the property that had been found in Defendant's vehicle. After speaking with Officer Lyon, she left work and returned home. Officer Lyon then placed Defendant under arrest.

When Ms. Rojas arrived at her home, she was met by two officers. She noticed that her kitchen door — which she had shut and locked before leaving that morning — was open. One officer stayed with Ms. Rojas while the other officer searched the home. She then entered the residence and identified the items recovered from Defendant's vehicle during the traffic stop as the missing items from her home.

Defendant was charged with larceny after breaking and entering and felonious possession of stolen goods, and a trial was held on 17 September 2012 in Mecklenburg County Superior Court. At the close of all the evidence, Defendant moved to dismiss the two charges based on the insufficiency of the evidence. The trial court denied Defendant's motion.

The jury found Defendant guilty of both charged offenses, and the trial court arrested judgment on the larceny conviction. Defendant was sentenced to an active term of imprisonment of 8 to 19 months. Defendant gave notice of appeal in open court.

## Analysis

Defendant's only argument on appeal is that the trial court erred in denying his motion to dismiss the charge of felonious possession of stolen property based on the insufficiency of the evidence. Whether the evidence is sufficient to withstand a

motion to dismiss is a question of law that is reviewed *de novo* on appeal. *State v. Bagley*, 183 N.C. App. 514, 523, 644 S.E.2d 615, 621 (2007). A defendant's motion to dismiss should be denied if there is substantial evidence of (1) each essential element of the offense charged; and (2) defendant being the perpetrator of the offense. *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

In ruling on a motion to dismiss, the trial court is required to view all the evidence — whether direct, circumstantial, or both — in the light most favorable to the State, making all reasonable inferences from the evidence in favor of the State. *State v. Kemmerlin*, 356 N.C. 446, 473, 573 S.E.2d 870, 889 (2002). Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal. *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980).

"The essential elements of felonious possession of stolen property are: (1) possession of personal property, (2) which was stolen pursuant to a breaking or entering, (3) the possessor knowing or having reasonable grounds to believe the property to

have been stolen pursuant to a breaking or entering, and (4) the possessor acting with a dishonest purpose." *State v. McQueen*, 165 N.C. App. 454, 459, 598 S.E.2d 672, 676 (2004) (internal citation omitted), *disc. review denied*, 359 N.C. 285, 610 S.E.2d 385 (2005).

First, Defendant contends the State did not present substantial evidence that he was in "either possession or constructive possession of stolen property." We disagree.

"[P]ossession of stolen goods . . . may be either actual or constructive. Constructive possession exists when the defendant, while not having actual possession of the goods, . . . has the intent and capability to maintain control and dominion over the[m]." *State v. Szucs*, 207 N.C. App. 694, 698, 701 S.E.2d 362, 365 (2010) (citation, quotation marks, and brackets omitted). However, mere presence at an area where contraband is located does not, in and of itself, establish constructive possession unless there is a "close juxtaposition to the contraband as to raise a reasonable inference of control." *State v. Privette*, ___ N.C. App. ___, ___, 721 S.E.2d 299, 309 (citation and quotation marks omitted), *disc. review denied*, ___ N.C. ___, 724 S.E.2d 532 (2012).

Defendant contends that he "did not have exclusive control of [the] property and the fact that he was the driver of the car in which the property was discovered, without more, was insufficient to establish the possession element." Defendant's argument lacks merit.

The stolen goods — the laptop, television, and DVD player — were all found in the backseat and under the front passenger seat of Defendant's car when he was stopped by Officer Lyon. Our Supreme Court has held that "one who has the requisite power to control access to and use of a vehicle . . . has also the possession of the known contents thereof." *State v. Eppley*, 282 N.C. 249, 254, 192 S.E.2d 441, 445 (1972). Moreover, Defendant conceded he was aware that the goods were in the backseat of his vehicle. He told Officer Lyon that he was moving "my stuff" into his father's house, referred to the stolen property as "my T.V. and my DVD player," and stated that he was going to put them in his room. Therefore, Defendant's control of the vehicle and acknowledgment of the goods' presence inside the vehicle are sufficient to raise a reasonable inference that Defendant was in possession of the stolen property.

Second, Defendant contends the State failed to present substantial evidence that Defendant "knew or should have known

that the possession or presence of this property, which was in his car, resulted from a breaking or entering of an apartment. . . ." We disagree.

"The doctrine of recent possession is a rule of law creating the presumption that a person in possession of recently stolen property is guilty of its wrongful taking and of the unlawful entry associated with that taking." *McQueen*, 165 N.C. App. at 459, 598 S.E.2d at 676. We have held that the doctrine of recent possession is applicable to the crime of felonious possession of stolen property. *Id*. at 459-60, 598 S.E.2d at 676-77. "When the doctrine of recent possession applies in a particular case, it suffices to repel a motion for nonsuit and defendant's guilt or innocence becomes a jury question." *State v. Milligan*, 192 N.C. App. 677, 682, 666 S.E.2d 183, 187 (2008) (citation and quotation marks omitted).

In order for the doctrine of recent possession to apply, the State must show "(1) the property was stolen, (2) defendant had possession of the property, subject to his control and disposition to the exclusion of others, and (3) the possession was sufficiently recent after the property was stolen, as mere possession of stolen property is insufficient to raise a

presumption of guilt." *McQueen*, 165 N.C. App. at 460, 598 S.E.2d at 676-77.

Here, as discussed above, the State presented substantial evidence from which the jury could find that Defendant possessed stolen property and that he had sole control of it. Furthermore, the State also presented evidence that Ms. Rojas left her home for work at 9:00 a.m. on the morning of Defendant's arrest and locked all of her doors. Then, approximately two hours later, Defendant was found in possession of items stolen from her residence. Upon being contacted by Officer Lyons, Ms. Rojas then returned home to find her front door wide open, and she identified the items that were found in possession of Defendant as items missing from her home.

We believe the doctrine of recent possession applies and serves to establish that Defendant knew or had reasonable grounds to believe the items at issue were stolen pursuant to a breaking or entering. Therefore, the trial court did not err in denying Defendant's motion to dismiss.

## Conclusion

For the reasons stated above, we conclude that Defendant received a fair trial free from error.

NO ERROR.

Judges ELMORE and McCULLOUGH concur.

Report per Rule 30(e).