*528
 
 STROUD, Judge.
 

 *214
 
 Defendant appeals from judgments convicting him of obtaining property by false pretenses and other crimes. Because the trial court properly instructed the jury, we conclude there was no error in defendant's trial.
 

 I. Background
 

 The State's evidence tended to show that on 30 August 2010, Mr. Carl Jones was working at North Carolina Central University with ground maintenance. Around 10:50 a.m., Mr. Jones noticed that a pair of Stihl hedge trimmers was missing from the back of his cart. Around 12:29 p.m. on the same day, J & L Jewelry and Pawn ("J & L") bought a pair of Stihl hedge trimmers. The pawn ticket listed the seller's identifying information, including name, address, height, ID number, phone
 
 *215
 
 number, and date of birth; defendant was the seller. The shop purchased the trimmers from defendant for $50. In accord with State law, the pawn shop notified law enforcement of the items it purchased.
 

 In November 2011, Officer Benjamin Coleman of the North Carolina Central University Police Department used the Police-to-Police search engine "to search through the record management systems of other departments" for stolen items and he discovered that the stolen Stihl hedge trimmers were sold to J & L. Officer Coleman contacted J & L and acquired the pawn ticket which had a serial number matching the stolen Stihl hedge trimmers as well as the name of the seller. On 25 November 2011, Officer Coleman met with defendant to investigate the stolen trimmers. Thereafter, defendant was indicted with obtaining property by false pretenses. Specifically, the indictment stated that defendant
 

 unlawfully, willfully and feloniously did knowingly and designedly with the intent to cheat and defraud obtain and attempt to obtain $50.00 in U.S. currency from J & L Jewelry And Pawn Inc. by means of a false pretense which was calculated to deceive and did deceive.
 

 The false pretense consisted of the following: pawning hedge trimmers that Defendant alleged that he owned which in fact he knew or should have reasonably known were in fact stolen property.
 

 Defendant was not charged with any crime for taking the hedge trimmers.
 

 After the evidence was presented at trial, Judge Jones discussed the proposed jury charge with both parties. Over defendant's objection, Judge Jones determined that an instruction regarding the doctrine of recent possession was appropriate in light of the offense charged and the evidence presented at trial. On 10 July 2012, the jury returned a verdict of guilty to the charge of obtaining property by false pretenses, and the trial court entered judgment. Thereafter, defendant filed a petition for writ of certiorari which this Court allowed.
 

 II. Doctrine of Recent Possession Instruction
 

 Defendant's only argument on appeal is that the trial court erred by giving a jury instruction on the doctrine of recent possession because "[t]his instruction was not supported by the evidence. The doctrine of recent possession does not apply to the offense of obtaining property by false pretenses." Defendant argues that if we allow the doctrine of recent possession to be used in this context, this decision will permit the doctrine to "be applied to any other crime from assault to speeding
 
 *216
 
 to elude. That would be absurd, and the doctrine does indeed have limits." Defendant argues repeatedly-seven times by our count, almost verbatim-that "[t]he doctrine of recent possession does not apply to the offense of obtaining property by false pretenses[,]" but defendant does not really explain why. While from our research it is true that there are no precedential cases addressing the doctrine of recent possession instruction in the context of obtaining property by false pretenses, that does not necessarily mean that the instruction is improper.
 

 Whether an instruction on the doctrine of recent possession may be used in a case for obtaining property by false pretenses is a question of law, and thus we review this issue
 
 de novo
 
 .
 
 See generally
 

 State v. Barron
 
 ,
 
 202 N.C.App. 686
 
 , 694,
 
 690 S.E.2d 22
 
 , 29 (2010) ("Whether a jury instruction correctly explains the law is a question of law, reviewable by this Court
 
 de novo
 
 .").
 

 *529
 
 Again, there appear to be no North Carolina cases that have used the doctrine of recent possession in the context of obtaining property by false pretenses, but, even so, we see no directive mandating that the doctrine of recent possession cannot be used in this context. Cases describe the doctrine of recent possession as a means of creating presumption based upon certain evidence:
 

 The doctrine of recent possession is a rule of law creating the presumption that a person in possession of recently stolen property is guilty of its wrongful taking and of the unlawful entry associated with that taking. The presumption is strong or weak depending upon the circumstances of the case and the length of time intervening between the larceny of the goods and the discovery of them in the defendant's possession. The presumption or inference arising from recent possession of stolen property is to be considered by the jury merely as an evidential fact, along with the other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt.
 

 For the doctrine of recent possession to apply, the State must show: (1) the property was stolen, (2) defendant had possession of the property, subject to his control and disposition to the exclusion of others, and (3) the possession was sufficiently recent after the property was stolen, as mere possession of stolen property is insufficient to raise a presumption of guilt.
 

 State v. McQueen
 
 ,
 
 165 N.C.App. 454
 
 , 459-60,
 
 598 S.E.2d 672
 
 , 676-77 (2004) (citations and quotation marks omitted). "The inference derived
 
 *217
 
 from recent possession is to be considered by the jury merely as an evidentiary fact, along with the other evidence in the case, in determining whether the State" has proved defendant's guilt beyond a reasonable doubt.
 
 State v. Fair
 
 ,
 
 291 N.C. 171
 
 , 173,
 
 229 S.E.2d 189
 
 , 190 (1976) (citations and quotation marks omitted).
 

 Case law shows that, if supported by the evidence, the doctrine of recent possession can be applied to a variety of property theft crimes.
 
 See, e.g.,
 

 State v. Bell
 
 ,
 
 270 N.C. 25
 
 , 30,
 
 153 S.E.2d 741
 
 , 746 (1967) ("A majority of the cases which have considered the doctrine of recent possession in this jurisdiction have been cases involving breaking, entering and larceny. However, we find no valid reason why the rule does not apply to property taken in a robbery with firearms in the same manner as property taken by breaking and entering." (quotation marks omitted));
 
 State v. Pickard
 
 ,
 
 143 N.C.App. 485
 
 , 487,
 
 547 S.E.2d 102
 
 , 104 (2001) ("The doctrine of recent possession allows the jury to infer that the possessor of certain stolen property is guilty of larceny.");
 
 State v. Brown
 
 ,
 
 221 N.C.App. 383
 
 , 388,
 
 732 S.E.2d 584
 
 , 588 (2012) ("The doctrine of recent possession is a rule of law that, upon an indictment for larceny, possession of recently stolen property raises a presumption of the possessor's guilt of the larceny of such property. When there is sufficient evidence that a building has been broken into and entered and thereby the property in question has been stolen, the possession of such stolen property recently after the larceny raises presumptions that the possessor is guilty of the larceny and also of the breaking and entering." (citation and quotation marks omitted)). Indeed, in accord with case law, the North Carolina Pattern Jury Instruction for the doctrine of recent possession specifically provides that "[i]f you find these things from the evidence beyond a reasonable doubt, you may consider them together with all other facts and circumstances in deciding whether or not the defendant is guilty of [robbery] [breaking or entering] [larceny] (name other crime)[;]" N.C.P.I.-Crim. 104.40. The sentence is then footnoted and provides,
 

 [t]his charge is adaptable to robbery, breaking or entering, and larceny;
 
 see e.g.
 

 State v. Frazier
 
 ,
 
 268 N.C. 249
 
 ,
 
 150 S.E.2d 431
 
 (1966) (unlawful taking of a vehicle), but the doctrine of recent possession is not applicable to the crime of receiving stolen goods. It is also adaptable to possession of stolen goods.
 
 State v. Griffin
 
 ,
 
 235 N.C.App. 425
 
 ,
 
 763 S.E.2d 927
 
 (2014).
 

 Id.
 
 n.1.
 

 Defendant directs our attention to
 
 State v. Neill
 
 , where our Supreme Court determined that the doctrine of recent possession does not apply
 
 *218
 
 to the charge of receiving stolen goods.
 
 *530
 

 244 N.C. 252
 
 , 256,
 
 93 S.E.2d 155
 
 , 158 (1956). But the reasoning in
 
 Neill
 
 does not help defendant because it was decided on the specific elements of receiving stolen goods and the logic of that case is not applicable here:
 

 It suffices here to note that the crime of receiving presupposes, as an essential element of the offense, that the property in question had been stolen by someone other than the person charged with the offense of receiving. Therefore, it is manifest that a person cannot be guilty both of stealing property and of receiving the same property knowing it to have been stolen. If the one is true, the other cannot be.
 

 It is essential to a conviction of the crime charged in the third count of the bill of indictment under consideration that the goods received by the defendants were stolen by another and retained that status until they were delivered to the defendants.
 

 Id.
 

 at 255
 
 ,
 
 93 S.E.2d at 157-58
 
 (citation and quotation marks omitted). In other words, the doctrine of recent possession presumes the defendant is the taker of the goods, and one cannot be both the taker of the goods
 
 and
 
 the receiver of the goods from the taker.
 
 See
 
 id.
 

 More applicable to this case is
 
 Fair
 

 ,
 
 where the defendant was convicted with felonious breaking and entering into a home and larceny of several items, including tape players, bicycles, radios, silver dollars, and other coins.
 
 See
 

 Fair
 
 ,
 
 291 N.C. at 172
 
 ,
 
 229 S.E.2d at 189
 
 . The next day, the defendant was found near the home from which the items were stolen with gold cuff links which had also been taken from the home; the cuff links were not mentioned in the warrant and defendant was not convicted of stealing them.
 
 Id.
 
 at 172-74,
 
 229 S.E.2d at 189-90
 
 . The trial court had instructed on the doctrine of recent possession based upon the evidence that defendant possessed the cuff links, but our Supreme Court found error and granted a new trial because "[t]he jury should have been instructed that in order for the doctrine of recent possession to apply they must find beyond a reasonable doubt that the cuff links were stolen at the same time and place as the other property for which defendant stands indicted."
 
 Id.
 
 at 174,
 
 229 S.E.2d at 190-91
 
 .
 

 Although the issues in
 
 Fair
 
 were different than this case, we find it instructive since the court held that if the cuff links were stolen "at the same time and place as the other property for which defendant" was
 
 *219
 
 charged, the doctrine of recent possession based on the cuff links would have been a proper instruction even though defendant was not charged with taking the cuff links themselves.
 

 Id.
 

 Thus, we conclude that use of the doctrine of recent possession instruction is not limited to charges arising solely from the item of property which the defendant is charged with stealing.
 
 See
 
 id.
 

 Based on
 
 Fair
 
 , we see no reason the State would be required to charge a defendant with the taking of the hedge trimmers to be permitted to use either the evidence or the instruction.
 
 See
 
 id.
 

 Here, the State presented evidence that the hedge trimmers were stolen, defendant exclusively had possession of the property at J & L, and defendant's possession was within approximately two hours after the hedge trimmers were taken. Thus, there was evidence upon which the jury could infer that defendant was the one who took the hedge trimmers, so the trial court could properly instruct on the doctrine of recent possession.
 
 See generally
 

 *531
 

 McQueen
 
 ,
 
 165 N.C.App. at 460
 
 ,
 
 598 S.E.2d at 676-77
 
 . The elements of obtaining property by false pretense are
 

 [t]he crime of obtaining property by false pretenses pursuant to G.S. 14-100 is defined as follows: (1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another.
 

 State v. Kilgore
 
 ,
 
 65 N.C.App. 331
 
 , 334,
 
 308 S.E.2d 876
 
 , 878 (1983). Unlike in
 
 Neill
 
 ,
 
 244 N.C. 252
 
 ,
 
 93 S.E.2d 155
 
 , the doctrine of recent possession does not have elements which are logically inconsistent with obtaining property by false pretenses, so we see no reason an instruction on the doctrine of recent possession could not be used in conjunction with the crime of obtaining property by false pretenses.
 
 Compare
 

 McQueen
 
 ,
 
 165 N.C.App. at 460
 
 ,
 
 598 S.E.2d at
 
 676-77 ;
 
 Kilgore
 
 ,
 
 65 N.C.App. at 334
 
 ,
 
 308 S.E.2d at 878
 
 . Thus, the trial court properly instructed the jury, and defendant's argument is overruled.
 

 No Error.
 

 Chief Judge McGEE and Judge INMAN concur.