IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-908

Filed 15 April 2026

Davidson County, Nos. 20CR055868-280, 21CR001112-280, 21CR001113-280

STATE OF NORTH CAROLINA

v.

JONATHAN LAVON FRIEND

Appeal by Defendant from judgment entered 3 March 2025 by Judge Alyson A. Grine in Davidson County Superior Court. Heard in the Court of Appeals 24 March 2026.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Kimberley A. D'Arruda, for the State-Appellee.*

*Mark L. Hayes for Defendant-Appellant.*

COLLINS, Judge.

Defendant Jonathan Friend appeals from judgment entered upon guilty verdicts of accessing a government computer to defraud and obtaining property by false pretenses and his guilty plea to attaining habitual felon status. Defendant argues that the trial court erred by denying his motion to dismiss for insufficient evidence. For the reasons stated herein, we find no error.

## I.    Background

The evidence at trial tended to show the following: The trial court entered an order on 1 June 2015 finding and concluding Defendant had filed numerous false documents with the Register of Deeds and enjoining him from filing any document with the Register of Deeds in any county without prior approval from the court. Defendant visited the Davidson County Register of Deeds on 1 October 2020 to file a quitclaim deed transferring property owned by John Jenkins and Janice Jenkins to "Tahira Akila Dalila – Trust."  The deed appeared to be signed by Mr. and Mrs. Jenkins on 1 April 2020 and was notarized by Christina Horton.

Casey Raino, an employee of the Davidson County Register of Deeds, assisted Defendant.  Defendant initiated conversation with Raino whenever she attempted to review the deed, which prompted her to bring the deed to her supervisor for further review.  Raino and her supervisor contacted a paralegal who had previously notarized documents for Mr. Jenkins, and the paralegal informed them that Mr. Jenkins had died in September 2020.  Michael Horne, the elected Register of Deeds, then approached Defendant and asked three times whether Defendant wished to record the deed.  Defendant said yes, and the deed was recorded.  Immediately thereafter, Raino contacted Detective Dexter Short with the Davidson County Sheriff's Department.

Detective Short spoke with Mrs. Jenkins, who stated that she did not intend to sell her property and did not know Defendant or Tahira Akila Dalila.  She further

told him that she and her husband could not have signed the deed on 1 April 2020 because Mr. Jenkins had been hospitalized on that date and she had driven him to the hospital. Detective Short also discovered that Christina Horton had legally changed her name to Tahira Akila Dalila in January 2019; accordingly, the deed transferring the property to "Tahira Akila Dalila – Trust" was notarized by the same individual to whom it was being transferred.

Defendant was indicted for accessing a government computer to defraud, obtaining property by false pretenses, forgery, and for being a habitual felon. The matter came on for trial on 17 February 2025. Defendant moved to dismiss; the trial court allowed the motion as to the forgery charge and denied the motion as to the remaining charges. The jury returned guilty verdicts for accessing a government computer to defraud and obtaining property by false pretenses. Defendant then pled guilty to attaining habitual felon status. The trial court consolidated the convictions into a single judgment and sentenced Defendant to 117 to 153 months' imprisonment. Defendant appealed.

## II. Discussion

Defendant argues that the trial court erred by denying his motion to dismiss.

In ruling on a motion to dismiss, the trial court must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. *State v. Mann,* 355 N.C. 294, 301 (2002). "The trial court must determine whether there is substantial evidence of each essential element of the crime." *State*

*v. Smith*, 294 N.C. App. 724, 726 (2024) (cleaned up). "Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." *State v. Scott*, 356 N.C. 591, 597 (2002) (citation omitted). "If there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." *State v. Locklear*, 322 N.C. 349, 358 (1988) (citation omitted).

We review the denial of a motion to dismiss de novo. *State v. Stroud*, 252 N.C. App. 200, 208 (2017). Under de novo review, this Court considers the matter anew and freely substitutes its own judgment for that of the lower court. *State v. Williams*, 362 N.C. 628, 632-33 (2008).

## A. Accessing Government Computers

Defendant first argues that the trial court erred by denying his motion to dismiss the accessing a government computer to defraud charge.

"It is unlawful to willfully, directly or indirectly, access or cause to be accessed any government computer for the purpose of . . . [d]evising or executing any scheme or artifice to defraud[.]" N.C. Gen. Stat. § 14-454.1(a)(1) (2025). "Access" means to "instruct, communicate with, cause input, cause output, cause data processing, or otherwise make use of any resources of a computer, computer system, or computer network." *Id.* § 14-453(1) (2025).

Here, the State presented evidence that Defendant had previously filed numerous false documents with the Register of Deeds and that he was enjoined from filing any document with the Register of Deeds in any county without prior approval. Raino testified that she uses a government computer to record deeds and that these computers are located behind the counter at individual workspaces. She further testified that if a deed contains the required elements–a tax certification, a "prepared by" section, a grantee address, a submitter's statement, proper excise tax information, and a notarization–then she is required to record it. Raino testified that Defendant visited the Register of Deeds and presented the quitclaim deed falsely representing that Mr. and Mrs. Jenkins intended to transfer their property to "Tahira Akila Dalila – Trust," and he had confirmed several times that he wished to record the deed.

Viewed in the light most favorable to the State, the evidence tends to show that Defendant presented a fraudulent deed to the Register of Deeds and caused the office to use its computer system to record the document in an effort to transfer the property from Mr. and Mrs. Jenkins to "Tahira Akila Dalila – Trust." *See id.* ("Access" means to "cause input, . . . cause data processing, or otherwise make use of any resources of a computer, computer system, or computer network."). Because there was substantial evidence that Defendant accessed a government computer with the intent to defraud, the trial court did not err by denying Defendant's motion to dismiss this charge.

## B. Obtaining Property by False Pretenses

Defendant next argues that the trial court erred by denying his motion to

dismiss the obtaining property by false pretenses charge.

The elements of obtaining property by false pretenses are "(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another." *State v. Kilgore*, 65 N.C. App. 331, 334 (1983) (citations omitted); *see* N.C. Gen. Stat. § 14-100(a) (2025).

The State presented evidence that Defendant submitted the quitclaim deed falsely representing that Mr. and Mrs. Jenkins intended to transfer their property to "Tahira Akila Dalila – Trust," when Mrs. Jenkins testified that she did not intend to transfer the property. When viewed in the light most favorable to the State, this evidence was sufficient to permit a reasonable juror to find that Defendant used false representations in an attempt to obtain the Jenkins' property.

Accordingly, the trial court did not err by denying Defendant's motion to dismiss the obtaining property by false pretenses charge.

### III.    Conclusion

For the foregoing reasons, we find no error.

NO ERROR.

Judges TYSON and FREEMAN concur.